If Ingalls Shipyard Corporation is in the business of manufacturing ships, then Hopeman Brothers' activity was an integral part of the manufacturing process. The facts reveal that Hopeman Brothers was the party responsible for procuring and assembling the defective materials into the finished product. As an independent contractor involved in the process of building ships, Hopeman Brothers qualifies as a manufacturer under our law of strict liability.
By incorporating defective components into a finished product, a manufacturer is deemed a seller of the defective component as contemplated by § 402A of the Restatement (Second) of Torts. SeeCoca Cola Bottling Co. v. Reeves, 486 So.2d 374, 378 (Miss. 1986) ("one who sells or distributes as his own a product manufactured by another is subject to liability the same as though he were its manufacturer"); see also Ford Motor Co. v.Mathis, 322 F.2d 267, 273 (5th Cir. 1963) (holding assembler of finished product liable for incorporating defective materials);Baughman v. General Motors Corp., 627 F. Supp. 871 (D.S.C. 1985) (assembler who incorporates defective component into finished product and places finished product into stream of commerce is liable in tort if one is injured even if that manufacturer/assembler did not manufacture the component part). In State Stove Mfg. Co. v. Hodges, 189 So.2d 113 (Miss. 1966), the contractor who constructed a mobile home and installed a water heater in it was held strictly liable in tort after the heater malfunctioned and destroyed the house. 189 So.2d at 123-24. This Court concluded that the contractor "sold" the product as contemplated by § 402A by installing the heater in the house during construction. Id. It follows that Hopeman Brothers should be liable for the unreasonably dangerous finished product in the present case since it was the party responsible for procuring and incorporating the Micarta wall covering into the construction of the ships.
To hold otherwise subjects two equally culpable corporations to different and unequal standards of care. The corporation directly responsible for the attachment of the defective materials is permitted to operate under the lower standard. Ingalls is required to prove a case of negligence against Hopeman Brothers before being entitled to any recourse while, at the same time, Ingalls will be subjected to strict liability claims even though it was not directly responsible for the portion of the manufacturing process which incorporated the defective materials. The production of unreasonably dangerous products would be better deterred if the independent contractor who purchased and incorporated the defective materials was held to the same strict liability standard.
The cases supporting the majority's position stand for the proposition that a seller must be in the business of selling the products in issue before he may be subjected to strict liability. The particular facts of this case clearly show that Hopeman Brothers was in the business of selling Micarta through its manufacturing role. It sold so much through its subcontracting installation business that the materials were obtained from a subsidiary corporation. The price of the materials was an integral part of the contract price with Ingalls. Hopeman Brothers admitted that there was only a minimal amount of labor required for assembling these materials into the finished product. Therefore, the bulk of its manufacturing activity consisted of supplying the interior of the ships with the asbestos product. *Page 648 
The trial court erroneously granted the directed verdict to Hopeman Brothers since it qualified as a manufacturer and seller under § 402A of the Restatement (Second) of Torts. Even so, the directed verdict was erroneously granted since the plaintiff established a prima facie case of strict liability under the law of this state. The plaintiff is required to prove three elements in order to establish a prima facie case of strict liability: 1) the plaintiff was injured by the product, 2) the injury resulted from a product defect which rendered it unreasonably dangerous, and 3) the defect existed when the product left the manufacturer.Early-Gary, Inc. v. Walters, 294 So.2d 181, 186 (Miss. 1974). The plaintiff has never been directed to put on proof that a defendant is in the business of selling certain products in order to establish a prima facie case. It was the defendant's burden to prove that he was not in the business of selling a certain product. Consequently, the trial court's failure to submit the case to the jury by granting a directed verdict was erroneous. This case should be reversed and remanded for a new trial on the merits. Accordingly, I dissent.
SULLIVAN, J., joins this opinion.